**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 07 CR 682-4 |
| | ) Judge John Darrah |
| **VINCENT CALERO,** | ) |
| | ) Magistrate Keys |
| **Defendant.** | ) |

*OBJECTION TO PRE-SENTENCE REPORT (PSR)
And
SENTENCING POSITION PAPER*

NOW COMES the defendant, **VINCENT CALERO**, by and through his attorney, Donald J. Angelini, Jr., and in filing its Objection to the Pre-Sentence Report (PSR), and submitting the Sentencing Position Paper, states as follows:

**INTRODUCTION**

1. The defendant, Vincent Calero, was indicted on November 15, 2007, under Title 21, United States Code, Sections 846 (a)(1): (Count 1) (conspiracy to distribute in excess of five (5) kilograms of cocaine, and (Count 2) (possession with intent to distribute in excess of five (5) kilograms of cocaine).

2. The defendant, VINCENT CALERO, pleaded guilty to Count One of the indictment, and entered into a written plea agreement wherein the defendant was free to argue for a role reduction pursuant USSG 3B1.2, which provides:

> "…Based on the defendant's role in the offense, decrease the offense level as follows (a) if the defendant was a minimal participant in any criminal activity, decrease by 4 levels; (b) if the defendant was a minor participant in any criminal activity decrease by 2 levels; in cases falling between (a) and (b) decrease by 3 levels.

3. The United States Probation Department analyzed the facts and circumstances that surrounded VINCENT CALERO'S participation in this conspiracy from

information given to them by the case agents who brought this case to the United States Attorneys Office.  Primarily, the defendant has absolutely no objection to anything, **in fact**, that is contained in the Pre-Sentence Report (PSR).  This defendant believes that the United States Probation Officer submitted an excellent report, and gathered the information necessary in forming the conclusions that were made.

    4.    The defendant's only objection to the PSR emanates from an actual conclusion which was reached by the United States Probation Officer.  After receiving and analyzing the information regarding Vincent Calero's role, the United States Probation Department concluded that the defendant was entitled to a minor role reduction pursuant to USSG 3B1.2, but was not worthy of a minimal role reduction of four (4) levels or a level falling between "minimal" or "minor" of three (3) levels.

    5.    VINCENT CALERO believes even in a light most favorable to the United States Government, he is entitled to a  "minimal" role reduction of four (4) levels or, in the alternative, a three (3) level reduction for falling between "minimal" and "minor".

## ARGUMENT

    6.    It is the defendant's burden to establish that the mitigating role adjustment is to be applied.  *United States v. McClinton*, 135 F.3d 1178 (7th Cir. 1998).  The application of the mitigating role adjustment is heavily dependent on the facts of a particular case.  *United States v. Hagan*, 913 F.2d 1278 (7th Cir 1990).

    7.    Concerning the facts and circumstances that surrounded this conspiracy, Vincent Calero was accurately described in the PSR as "another set of eyes" to protect the interest of another.  Even in a light most favorable to the United States Government, Vincent Calero did not participate in the negotiation which surrounded the conspiracy to deliver cocaine.  He was not privy to drug amounts or the mechanics of the actual delivery, itself.  VINCENT CALERO was basically deployed shortly prior (the same morning) to the

exchange of the cocaine to act as "another set of eyes". He was, for all intents and purposes, a "look out".

8. As stated in the Pre-Sentence Report, Vincent Calero was a passenger in the vehicle that was being operated by Pedro Villareal that followed Pedro Victoria's vehicle to the place of the exchange. As stated in the Pre-Sentence Report (PSR) and has always been the contention of Vincent Calero, this defendant never exited the vehicle to help load or unload the cocaine. He did not touch the cocaine or engage in any conversations that surrounded the cocaine.

9. In The *United States of America v. Hunte*, 196 F.3d 687 (1999), the defendant was convicted of conspiracy to distribute narcotics for what the district court decided was the defendant's active participation in (a) driving the vehicle involved in the transaction, (b) making hotel reservations for the participants in the conspiracy and (c) providing cover for one of the participants. She did not actively participate in the negotiation of the drugs amounts and payment for same or the actual delivery of the narcotics in question.

10. While there was sufficient evidence to find the defendant in *Hunte* guilty of participating in the conspiracy, the appellate court found that the defendant's participation **at best** constituted a wrongfully denied "minor role" reduction and could have constituted a "minimal role" reduction. The *Hunte* court stated, "The difference between minor and minimal depends on how the sentencing judge views the guilty conduct of the other participants. The former requires "less culpable than most" while the latter asks for "plainly among the least culpable". The *United States of America v. Hunte*, 196 F.3d 687 at 694 (1999). In the instant action, Vincent Calero was not only plainly among the least culpable, he was **the** least culpable defendant indicted in this matter.

11. The government in *Hunte* argued that there were other unindicted participants who were potentially less culpable than Hunte (which the appellate court rejected). In the case at bar, however, there are no participants (indicted or otherwise) who were less culpable than Vincent Calero. Again, he was "another set of eyes" for someone else; he was the least culpable participant in this conspiracy.

12. The Application Notes to USSG 3B1.2, state:

> "…It (minimal participant) is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activity of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently."

13. The defendant asserts that however infrequent this provision gives cause for application, the instant set of facts gives cause for the inclusion of a four (4) level minimal role reduction for Vincent Calero, or in the alternative a three (3) level role reduction under USSG 3B1.2. The effect of a three (3) level role in the offense reduction would reduce the Total Offense Level to twenty-five (25) (57-71 months), while the four (4) level reduction would reduce the Total Offense Level to twenty-four (24) (51-63 months). For reasons stated, the defendant, Vincent Calero prays this court to consider a four (4) level role in the offense reduction or the alternative a three (3) level role in the offense reduction.

Date: April 25, 2008                             Respectfully Submitted:

                                                 S/: Donald J. Angelini, Jr
                                                 Attorney for Vincent Calero

Donald J. Angelini, Jr.
Angelini & Angelini
1900 South Spring Road
Suite 500
Oak Brook, Illinois 60523
(630) 571-0098   Atty No. 6194334

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent the notification of such filing to the following:

Steven Kubiatowski, Esq.
Assistant United States Attorney
Fifth Floor
219 South Dearborn
Chicago, Illinois 60604

And I hereby certify that I have mailed by United States Postal Service, or hand delivered the document to the following non CM/ECF participants:

DATE: October 6, 2008                       Respectfully submitted,

                                            By: s/Donald J. Angelini, Jr.
                                                  Attorney for Vincent Calero

Donald J. Angelini, Jr.
Angelini & Angelini
Suite 500
1900 South Spring Road
Oak Brook, Illinois 60523
(630) 571-0098
Atty No. 6194334